[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 10915
The marriage of the parties was dissolved by decree of this court on June 20, 2000. The parties have one minor child, OZZY ALBERT ZUCCO, born March 22, 1989. The child resides with the plaintiff in Greenwich. At the time of the decree, the court incorporated the parties' Separation Agreement dated February 10, 2000, therein. Under the terms of the agreement, no child support was "awarded at that time due to the then financial situation of the defendant. However, both parties agreed that when the defendant's situation changed for the better, he would pay child support in accordance with the Child Support Guidelines and that the parties would submit to the jurisdiction of the court where the child was residing — in this case, Connecticut. The plaintiff, who is pro se, has filed a Motion for Modification dated January 19, 2001, and the defendant was served by certified mail per an Order of Notice at his home in New Mexico. She alleges that there has been a substantial change of circumstances in that the defendant is now employed and able to provide child support. The plaintiff appeared and testified at a hearing on April 16, 2001. The defendant has not appeared.
 FINDINGS
The Court, having heard the testimony of the plaintiff, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-84, 46b-86, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That there has been a substantial change of circumstances since the date of the last order, to wit: the defendant has obtained substantial employment.
 2. That the defendant has a gross annual income of approximately $32,500.
 3. That the basic presumptive level of child support is $83.00 per week.
 4. That the defendant received notice of the pendency of the Motion for Modification pursuant to Section 46b-86 (a) C.G.S. on March 20, 2001; and that it would be equitable and appropriate to enter orders effective as of April 1, 2001.
CT Page 10916
 5. That there is an arrearage in the amount of $1,577.00 as of the date of this Order ($83.00 times 19 weeks).
 ORDER
The Motion for Modification of Child Support having been heard, it isHEREBY GRANTED, and orders may enter as follows:
 1. Commencing August 13, 2001, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $83.00 as and for basic child support for the minor child. In the event that the child is still in high school upon reaching his eighteenth birthday, then in that event, any child support order shall continue until the child reaches the age of nineteen years or the first day of the first month following his graduation from high school, whichever shall sooner occur pursuant to Section 46b-84
(b) C.G.S.
 2. Commencing August 13, 2001, and weekly thereafter, the defendant shall pay to the plaintiff the sum of $17.00 until such time as the arrearage in the amount $1,577.00 is paid in full.
 3. The Court hereby orders an Immediate Wage Withholding Order pursuant to Section 52-362 C.G.S. in order to secure the payment of the child support and arrearage orders.
THE COURT
SHAY, J.